UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CARPENTERS LOCAL 140 PENSION FUND, et al.,**

    **Plaintiffs,**

v.                                               Case No. 8:05-CV-2202-T-17EAJ

**TIMOTHY PHILLIPS and KATRICIA PHILLIPS d/b/a Phillips Creative Installations**,

    **Defendants.**

_____/

## ORDER

Before the court is Plaintiffs' **Motion for Sanctions** (Dkt. 12), filed September 18, 2006. Defendants have not filed a response as of the date of this order and the period for responding has elapsed. See Local Rule 3.01(b), M.D. Fla.

Plaintiffs move to sanction Defendants for failure to comply with this court's order of August 1, 2006 (Dkt. 9). On July 10, 2006, Plaintiffs filed their initial motion to compel after Defendants failed to respond to Plaintiffs' request for production of documents and failed to appear for their properly noticed depositions on June 20, 2006. Defendants did not respond to Plaintiffs' motion, and this court ordered Defendants to appear for deposition and to produce the requested documents on August 17, 2006, at the office of Plaintiffs' counsel (Dkt. 12).

In violation of this court's order, Defendants failed to appear for the deposition scheduled for August 17, 2006. Plaintiffs request that the court impose the following sanctions against Defendants: striking all pleadings filed by Defendants and allowing Plaintiffs to proceed to a default judgment, and finding Defendants in civil contempt in order to coerce Defendants to comply with

Plaintiffs' discovery request. As noted above, Defendants have failed to file a response to the motion; therefore, Plaintiffs are deemed to have no objection to the relief requested.

### I.     Civil Contempt

Civil contempt is a mechanism designed to coerce compliance with court orders. In re Lawrence, 279 F.3d 1294, 1300 (11th Cir. 2002). Appropriate sanctions for civil contempt include: 1) coercive fines; 2) compensatory fines; 3) attorneys' fees and costs; and 4) coercive incarceration. See Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1304 (11th Cir. 1991). Further, "a district court may not use the civil contempt power to impose what amounts to a punitive or criminal contempt sanction." United States v. City of Miami, 195 F.3d 1292, 1298 (11th Cir. 1999).

Plaintiffs argue that Defendants should be held in contempt for violating the court's August 1, 2006 order (Dkt. 9) because none of the sanctions available under Rule 37, Fed. R. Civ. P., are likely to cause Defendants to comply with the requested discovery. Plaintiffs assert that because they still need access to the documents and testimony requested in order to proceed to default judgment, a civil contempt sanction would have an appropriate purpose of coercing Defendants to comply with proper discovery requests.

Holding a party in civil contempt requires the court to determine whether there is clear and convincing evidence that "1) the allegedly violated order was valid and lawful; 2) that the order was clear, definite, and unambiguous; and 3) that the alleged violator had the ability to comply with the order." McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir. 2000) (citation and quotations omitted).

The court's order of August 1, 2006 was clear and unambiguous—it required Defendants to appear for deposition and produce the requested documents on August 17, 2006 (Dkt. 9).

Considering the severity of a finding of contempt and that Defendants have not filed a response to th instant motion for sanctions, the court finds it appropriate to order Defendants to show cause within ten (10) days why they should not be held in civil contempt of court for failure to comply with the court's order of August 1, 2006 (Dkt. 9). Defendants are cautioned that although they are proceeding pro se, they are still required to comply with the Federal Rules of Civil Procedure and with this court's discovery orders. See Morton v. Harris, 628 F.2d 438, 440 (5th Cir. Unit B 1980).[1] A failure to respond to this court's order to show cause will be considered clear and convincing evidence that Defendants had the ability to comply with the court order and failed to do so.

## II.   Striking Defendants' Pleadings

The trial court has discretion in imposing sanctions for a party's failure to cooperate in discovery. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987) (citations and quotations omitted). A party must submit to a properly noticed deposition by the opposing party, which Defendants have twice failed to do. See Fed. R. Civ. P. 30(a)(1). Rule 37(d), Fed. R. Civ. P., allows the court to strike pleadings and render default judgment against a party who fails to attend a properly notice deposition or who fails to respond to a proper request for production of documents pursuant to Rule 34. While strict adherence to Rule 37 is necessary in order to "prevent parties 'from flouting discovery orders,'" Id. (citations and quotations omitted), the decision to enter default judgment "ought to be a last resort—ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders." United States v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997) (citations and quotations omitted).

---

[1] All decisions by the Fifth Circuit prior to the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Here, Defendants have failed to appear for a properly noticed deposition, failed to respond to Plaintiffs' request for production of documents, and failed to appear for a second scheduled deposition ordered directly by the court. Furthermore, Defendants have failed to provide justification for their failure to comply. See Sutherland v. Mesa Air Group, Inc., No. 98-10061-CIV, 2003 WL 21402549 (S.D. Fla. June 6, 2003) (non-moving party must prove that it was impossible to comply and that all reasonable efforts were made to comply with the court's order once the moving party makes a prima facie showing that the other party violated the court's discovery order) (citations omitted). Because the decision to enter default judgment is a "last resort," the court finds it appropriate to order Defendants to show cause within ten (10) days of the date of this order why their pleadings should not be stricken and Plaintiffs allowed to proceed to default judgment. Defendants are cautioned that if they fail to respond to this court's order, their pleadings will be stricken without further notice.

The court finds at this juncture, however, that monetary sanctions against Defendants pursuant to Rule 37(a)(4) and Rule 37(b)(2) for attorneys' fees and costs incurred by Plaintiffs in preparing for and attending two depositions, as well as for bringing the motion to compel, are more than appropriate; they are required.[2] The parties are directed to confer and make all reasonable

---

[2] Rule 37(a)(4) specifically states, "If the motion [to compel] is granted . . . the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's non-disclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4).

In addition, Rule 37(b)(2) authorizes the court to award attorneys' fees and reasonable expenses for Defendants' failure to comply with this court's order of August 1, 2006 (Dkt. 9). See

efforts to stipulate to an agreed sum for the fees and costs associated with Plaintiffs' counsel prosecuting the successful motion to compel (Dkt. 7), and Plaintiffs' costs and attorneys' fees in preparing for and attending the June 20, 2006 and August 17, 2006 depositions. If the parties reach an agreement, Plaintiffs' counsel is directed to inform the court of such agreement. If the parties are unable to reach an agreed sum by December 20, 2006, Plaintiffs' counsel shall file an affidavit detailing the reasonable attorneys' fees and costs incurred in prosecuting the motion to compel (Dkt. 7) and Plaintiffs' attorneys fees and costs incurred in preparing for and attending the two depositions. Plaintiffs' counsel is also directed to submit time sheets verifying the fees claimed. Defendants shall have ten (10) days to object to the fees outlined in Plaintiffs' counsel's affidavit, and this court shall resolve any dispute regarding the reasonable fees claimed by Plaintiffs' counsel.

It is therefore **ORDERED** and **ADJUDGED**:

(1) Plaintiffs' **Motion for Sanctions** (Dkt. 12) is **GRANTED IN PART** as consistent with the foregoing.

(2) Plaintiffs' attorneys' fees and costs incurred in prosecuting the successful motion to compel (Dkt. 7) and in preparing for and attending the June 20, 2006 and August 17, 2006 depositions shall be taxed against Defendants as consistent with the foregoing.

(3) **RULING IS DEFERRED** as to the issues of holding Defendants in civil contempt and striking Defendants' pleadings. Defendants are **ORDERED** to show cause in writing within ten (10) days of the date of this order why they have failed to cooperate in discovery and failed to comply with this court's order, and shall state any reasons why they should not be further sanctioned under Rule 37, Fed. R. Civ. P., or otherwise. Defendants are cautioned

---

Fed. R. Civ. P. 37(b)(2).

that failure to respond to this court's order will result in sanctions without further notice to Defendants.

**DONE** and **ORDERED** in Tampa, Florida this 5th day of December, 2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge